IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CASE NO. 4:21-CR-28 (CDL) |
| | : |
| **MARCEL CRAWFORD** | : |
| | : |
| **Defendant** | : |
| | : |

**PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT**

WHEREAS, on October 28, 2021, Defendant Marcel Crawford (hereinafter "Crawford" or "Defendant"), pled guilty to Count One of the Indictment charging him with Conspiracy to Transport Stolen Goods, in violation of Title 18, United States Code, Sections 2314 and 371;

AND WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s), including, but not limited to a personal money judgment in an amount to be determined;

AND WHEREAS, the United States has filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture/Money Judgment against Crawford for a personal money judgment in the amount of thirty-five thousand dollars ($35,000.00),

representing the proceeds of the violation, obtained directly or indirectly, as a result of such offense(s); and for the forfeiture of miscellaneous items with an estimated value of three thousand, five hundred fifty-six dollars and fifty cents ($3,556.50);

WHEREAS, the Court has determined, based on the evidence already in the record, and the evidence set forth in the Defendant's Plea Agreement, (1) that Defendant has an ownership or quasi ownership interest in the miscellaneous items; (2) that the miscellaneous items are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c); and (3) that the United States has established the requisite nexus between the aforesaid offense and the miscellaneous items and personal money judgment amount;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment";

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus with the offense(s) of conviction, and the Defendant shall forfeit to the United States the following, to wit:

2

**MONEY JUDGMENT**

A. A personal money judgment in an amount of thirty-five thousand dollars ($35,000.00), representing the amount of proceeds constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s), in violation of Title 18, United States Code, Sections 2314 and 371; and

**MISCELLANEOUS ITEMS**

A. Miscellaneous items with an estimated value of three thousand, five hundred fifty-six dollars and fifty cents ($3,556.50), seized from Crawford's Chevrolet van parked at his residence located at 2023 Forestwood Lane, Columbus, Georgia, on April 17, 2019, and currently being held as evidence by the United States Secret Service, more particularly described as follows:

| Item Number | Item Description |
|---|---|
| 1 | One (1) IRoomba Vacuum Cleaner, Model: 890, Serial Number: JBN890021808250304733 |
| 2 | One (1) IRoomba Vacuum Cleaner, Model: 960, Serial Number: KYN960021811040002385 |
| 3 | One (1) Dyson Fan, Model: Jet Focus, Serial Number: JA1-US-KJA6207A |
| 4 | One (1) Dyson Fan, Model: Pure Hot Cool Link, Serial Number: PE7-US-KDA3725A |
| 5 | One (1) Canon Inkjet 241 and 240 Cartridges |
| 6 | One (1) HP 951 XL Inkjet Cartridges |
| 7 | One (1) Gillette Fusion 5 Package |
| 8 | Two (2) Anabelle Moen Faucets |
| 9 | Two (2) Zalia Delta Faucets |
| 10 | One (1) Touch 20 Delta Faucet |
| 11 | One (1) Valdosta Delta Faucet |
| 12 | Two (2) Lowes Buckets |
| 13 | One (1) Clean Shot Instant Drain Opener |
| 14 | One (1) Frontline Plus for Dogs |

| 15 | One (1) Xbox Wireless Controller |

2.      Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the miscellaneous items, and to conduct any discovery that may assist in identifying, locating or disposing of the miscellaneous items or substitute assets, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary as to the judgment for a sum of money.  FED. R. CRIM. P. Rule 32.2(c)(1).

3.      To the extent that the foregoing property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the Order and its intent to dispose of the miscellaneous items in such a manner as the Attorney General (or his designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the miscellaneous items.

4.      Any person, other than the above-named Defendant, asserting a legal interest in the miscellaneous items must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, www.forfeiture.gov, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the

miscellaneous items, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the miscellaneous items following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C), for the filing of third-party petitions.

9. As issued this date, this Order of Forfeiture/Money Judgment includes a judgment for a sum of money. The United States may, at any time, move pursuant to FED. R. CRIM. P. 32.2(e), to amend this Order of Forfeiture/Money Judgment if the Government locates specific assets traceable to the violations or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C).

10. The United States District Court, Middle District of Georgia, shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture/Money Judgment.

SO ORDERED, this 27th day of April, 2022.

S/Clay D. Land
_____
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA